David A. Chami
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5587
F: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff*
*Lisa Hall*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Hall,<br><br>    Plaintiff,<br><br>v.<br><br>AmeriNational Community Services, LLC, et al.,<br><br>    Defendants. | No. CV 18-01454-PHX-BSB<br><br>**MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANT AMERINATIONAL COMMUNITY SERVICES, LLC** |

    Plaintiff Lisa Hall ("Plaintiff") moves the Court to enter Default Judgment against Defendant AmeriNational Community Services, LLC ("AmeriNat").

    Because Plaintiff seeks actual damages in excess of statutory damages, Plaintiff does not seek an award of statutory damages. Therefore, Plaintiff withdraws her earlier Motion for Default Judgment (Doc. 29).

## **INTRODUCTION**

    This case concerns AmeriNat reporting inaccurate information on Plaintiff's credit file. AmeriNat's reporting was inaccurate in two respects. First, AmeriNat reports that Plaintiff owes a mortgage for $310,000 on a property that she sold in 2012, while her debt was actually an unsecured $5,000 loan. Second, AmeriNat reports that Plaintiff was late on some payments, while AmeriNat is responsible for the Plaintiff having been late because

AmeriNat failed to give notice to Plaintiff that AmeriNat had acquired Plaintiff's debt from the original lender. (*Id*. ¶¶17-19.). Plaintiff's monthly installments are merely $39.54, and her balance was $3,652.58 as of April 2018. AmeriNat's reporting violates the FCRA. AmeriNat's reporting caused Plaintiff's credit to be severely damaged.

## I. Relevant Procedural History

Plaintiff filed her complaint on May 11, 2018. (Doc. 1.) The Complaint alleges that AmeriNat failed to conduct a reasonable investigation after AmeriNat received no less than six indirect disputes forwarded by the Co-Defendant credit reporting agencies. (*Id*. at 6-7.) Despite these disputes, AmeriNat willfully continued to furnish inaccurate information to the Co-Defendants. (*Id*.)

Plaintiff served AmeriNat with a summons and complaint. (*See,* Aff. of David Chami at ¶7.) AmeriNat failed to appear, answer or otherwise respond to the Complaint in the time permitted by Rule 12, Federal Rules of Procedure. (See, *id*. at ¶10.) Having failed to appear, the Clerk entered default against AmeriNat pursuant to Rule 55(a), Federal Rules of Procedure. (Doc. 27.) AmeriNat has never appeared or moved to set aside its default.

Plaintiff filed a Motion for Default Judgment against AmeriNat. (Doc. 29). Plaintiff has filed a Notice of Withdrawal of Motion (Doc. 47), of her previously filed Motion for Default Judgment (Doc. 29).

## ARGUMENT

There is ample basis for the entry of default judgment against AmeriNat. As set forth below, the Clerk has properly entered default against AmeriNat, all seven factors in the Ninth Circuit's *Eitel* test support the entry of default judgment, and the relief requested in the attached Proposed Final Judgments is equitable and necessary.

## II. The Clerk's Entry Of Default Was Proper

Plaintiff has established, "by affidavit or otherwise," that AmeriNat has "failed to plead or otherwise defend" against the Complaint. Fed. R. Civ. P. 55(a); *see* Application for Entry of Default (Doc. 26). Accordingly, the Clerk properly entered default against AmeriNat. (Doc. 27.) Since default was entered, AmeriNat has not answered or otherwise

responded to the Complaint.

## III. Default Judgment Should Be Entered Against AmeriNat

Because default has been entered against AmeriNat, the Court may enter default judgment on the merits against it. Fed. R. Civ. P. 55(b); *see*, *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006). Granting default judgment is within the Court's sound discretion. *See, Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The Court should consider the following factors, derived from *Eitel v. McCool*, in determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Twentieth Century Fox*, 438 F. Supp. 2d at 1070 (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). When applying these factors, the Court "must take as true all factual allegations in complaint except for those related to the amount of damages." *Id.* (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). In this case, all seven factors weigh in favor of entering default judgment. The Motion will address the substantive factors —two and three— then the Motion will discuss the more procedural factors —one and four through seven.

### a. *Eitel* Factors Two and Three Weigh in Favor of Default Judgment

The second and third *Eitel* factors consider the merits of Plaintiff's claims and the sufficiency of the Complaint. *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The Complaint alleges that AmeriNat failed to conduct a reasonable investigation after AmeriNat received no less than six indirect disputes forwarded by the Co-Defendant credit reporting agencies. (Doc. 1 at 6-7.) Despite these disputes, AmeriNat willfully continued to furnish inaccurate information to the Co-Defendants. (*Id.*)

The Complaint sufficiently alleges AmeriNat's violations. AmeriNat's reporting was

inaccurate for two reasons: First, AmeriNat reports that Plaintiff owes a mortgage for $310,000 on a property that she sold in 2012, while her debt was actually an unsecured $5,000 loan. (*Id.* at 3-5, *see also* Declaration of David Chami ¶14.) Second, AmeriNat reports that Plaintiff was late on some payments, while AmeriNat is responsible for the Plaintiff having been late. (*Id.*) Plaintiff's monthly installments are merely $39.54, and her balance was $3,652.58 as of April 2018. (*See*, Aff. of David Chami at ¶13.) On April 4, 2018, Plaintiff sent letters disputing the reporting on her credit to the three Co-Defendant credit reporting agencies. (*Id.* at 4.) On April 13, 2018, Plaintiff sent three more letters to each of the Co-Defendants. (*Id.*) Under 15 U.S.C. § 1681s-2(b), AmeriNat was required to conduct an investigation and communicate its results to the credit reporting agencies. (*Id.* at 6-7, ¶39.) All three Co-Defendants replied that AmeriNat would continue to report inaccurate information. (*Id.* at 4-5, ¶¶24-27.) Therefore, AmeriNat is liable for its violations of the FCRA, and thus *Eitel* factors two and three weigh in favor of Plaintiff.

### b. Eitel Factors One, Four, Five, Six, and Seven Also Weigh in Favor of Default Judgment

The first, fourth, fifth, sixth, and seventh *Eitel* factors consider prejudice, the amount at stake, the possibility of a dispute of material facts, excusable neglect, and the policies favoring decisions on the merits. *Twentieth Century Fox*, 438 F. Supp. 2d at 1070. All five factors weigh in favor of default judgment against AmeriNat.

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id.* AmeriNat has failed to answer the Complaint or otherwise defend this action. (Doc. 26.) Absent default judgment, Plaintiff would most likely be "without other recourse for recovery." *HTS*, 954 F. Supp. 2d at 941. Without the possibility of obtaining critical injunctive relief, Plaintiff will suffer great prejudice. *See FTC v. Handicapped & Disabled Workshops, Inc.*, No. CV-08-908-PHX-DGC, 2008 WL 4567278, at *2 (D. Ariz., Oct. 14, 2008). The first *Eitel* factor weighs in favor of default judgment against AmeriNat.

The fourth *Eitel* factor considers "the amount of money at stake in relation to the

seriousness of Defendant's conduct." *Twentieth Century Fox*, 438 F. Supp. 2d at 1071. Plaintiff seeks declaratory and monetary relief in this case. The amount of money at stake is provided for by the FCRA. The FCRA provides for actual, statutory, and punitive damages, plus legal costs and attorneys fees. Plaintiff suffered significant harm for an almost negligible debt. AmeriNat's inaccurate reporting was willful. *See, Handicapped & Disabled Workshops*, 2008 WL 4567278, at *2. The fourth *Eitel* factor also weighs in favor of default judgment against all Default Defendants.

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. *Twentieth Century Fox*, 438 F. Supp. 2d at 1071. There can be no possibility of dispute concerning material facts here because: (1) the Court accepts all allegations in the Complaint, except for those relating to damages, as true; and (2) AmeriNat has not defended this action. *See id*. The fifth *Eitel* factor also weighs in favor of default judgment against AmeriNat.

The sixth *Eitel* factor considers whether AmeriNat's failure to answer is due to excusable neglect. AmeriNat was served with the summons and Complaint on May 18, 2018. (*See*, Proof of Service, doc. 7.) Nonetheless, AmeriNat gave no indication that it intends to contest this lawsuit. Given the time since service of the Complaint, there can be no argument that AmeriNat's failure to answer is due to excusable neglect. *Twentieth Century Fox*, 438 F. Supp. 2d at 1071-72. The sixth *Eitel* factor also weighs in favor of default judgment against AmeriNat.

The seventh *Eitel* factor considers the policy that "cases should be decided upon their merits whenever reasonably possible." *Id*. (quoting *Eitel*, 782 F.2d at 1472). This policy preference does not overcome the discretion of courts to grant default judgments when defendants have not answered. *See id*.; *HTS*, 954 F. Supp. 2d at 941. Here, AmeriNat's "failure to answer the Complaint makes a decision on the merits impractical, if not impossible." *Twentieth Century Fox*, 438 F. Supp. 2d at 1072; *see HTS*, 954 F. Supp. 2d at 941. The seventh *Eitel* factor also weighs in favor of default judgment.

MOTION FOR DEFAULT JUDGMENT

## IV. The Relief Requested

AmeriNat's failure to defend this action justifies entering default judgment against it. What remains is the appropriate relief to order against AmeriNat. The Court has power to award the relief provided for by the FCRA.

In her Complaint, Plaintiff prays for actual damages pursuant to 15 U.S.C. § 1681n(a); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b). (Doc. 1 at 7-8.)

When noncompliance with the FCRA is willfull, the defendant is further liable for punitive damages. 15 U.S.C. § 1681n(a)(2). Here, Plaintiff alleges that AmeriNat's violation of the FCRA was willfull. (Doc. 1 at 7, ¶41.) AmeriNat's failure to comply is further aggravated by the fact that AmeriNat was grossly inaccurately reporting Plaintiff's debt, because a loan for $5,000 was being reported as a mortgage for $310,000 on a property that she sold in 2012. (*Id*. ¶¶24-27.) Even more, AmeriNat caused Plaintiff to be late on certain payments because AmeriNat failed to give notice to Plaintiff that AmeriNat had acquired Plaintiff's debt from the original lender. (*Id*. ¶¶17-19.) Therefore, AmeriNat should be liable to pay Plaintiff **punitive damages which Plaintiff estimates at $5,000**, or such other amount as this Court considers adequate.

Plaintiff is entitled to actual damages. 15 U.S.C. § 1681n(a). Plaintiff alleges that she was denied credit even if secured with a mortgage. (Doc. 1 ¶¶21, 32.) Common sense makes it likely that Plaintiff's application was denied because her credit report included late payments of a mere $39.54. Plaintiff further alleges that she suffered emotional distress from the damage that AmeriNat's inaccurate reporting caused to Plaintiff's credit. (*Id*. ¶¶31-33.) Plaintiff estimates her **actual damages at $5,000**.

Because Plaintiff is seeking an award of actual damages, **Plaintiff does not seek statutory damages**.

Plaintiff's attorneys' fees and legal costs, as can be apportioned to AmeriNat, are **$5,225 for attorneys' fees and $40 in legal costs**. (*See* Declaration of David Chami at ¶¶3,

5, 8.)

| | | |
|---|---|---|
| | Punitive Damages: | $5,000.00 |
| | Actual Damages: | $5,000.00 |
| | Attorneys' Fees: | $5,225.00 |
| | Legal Costs: | $40.00 |
| | **Total:** | **$15,265.00** |

Finally, Plaintiff requests this Court to expressly order AmeriNat to correct its reporting, including any reference to the property located at 7138 Water Oak Rd, Elkridge, MD 21075. The reporting should reflect this information:

High Credit or Credit Limit: $5,000.

Account type: unsecured loan.

Late payments: none.

## CONCLUSION

AmeriNat has failed to answer the Complaint or otherwise defend this case. The Complaint sufficiently alleges that AmeriNat violated the FCRA. All *Eitel* factors favor default judgment against AmeriNat. Plaintiff respectfully requests that the Court grant her Motion and enter default judgment against AmeriNat only.

Respectfully submitted this 1st day of August 2018.

PRICE LAW GROUP, APC

/s/ David A. Chami
David A. Chami, AZ #027585
Attorneys for Plaintiff
Lisa Hall

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

                                         PRICE LAW GROUP, APC

                                         /s/Florence Lirato