**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Hall, | No. CV-18-01454-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| AmeriNational Community Services LLC, et al., | |
| Defendants. | |

Plaintiff Lisa Hall seeks default judgment against AmeriNational Community Services, LLC ("AmeriNat"). Hall requests the default judgment include an award of actual damages, punitive damages, attorneys' fees, and costs. Hall also requests the default judgment "order AmeriNat to correct its reporting" regarding her credit history. (Doc. 48 at 7). Because the complaint did not include this latter request, the Court cannot provide such relief in a default judgment. Therefore, Hall's monetary requests will be granted but the request for injunctive relief will be denied.

When determining whether to enter a default judgment, courts should evaluate seven factors. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Here, an analysis of those factors supports entry of default judgment. In brief, Hall would suffer prejudice if default judgment is not entered because she has no other avenue for relief; Hall has alleged sufficient facts to state a claim for relief against AmeriNat and, under the applicable statute, is entitled to the monetary relief she seeks; the sum of money Hall seeks is relatively modest and is proportional to the harms she suffered; there are no

disputes of fact because AmeriNat has not appeared; there is no evidence that AmeriNat's failure to appear was due to excusable neglect; and the interest in resolving cases on their merits does not outweigh the other considerations. Therefore, default judgment is appropriate. The only remaining issue is the exact terms the default judgment should include.

Hall's claim against AmeriNat is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.* In her complaint, Hall alleged AmeriNat's conduct caused her "embarrassment, anguish, and emotional and mental pain." (Doc. 1 at 5). Based on that, the complaint sought actual damages, statutory damages, punitive damages, costs and reasonable attorneys' fees, "pre-judgment and post-judgment interest," and "Declaratory Judgment that [AmeriNat] violated the FCRA." (Doc. 1 at 7). The complaint did not seek any form of injunctive relief.

Hall's motion for default judgment is supported by an affidavit where she explains she was denied a mortgage because of "derogatory remarks" on her credit report due to AmeriNat's failure to remedy inaccurate information. (Doc. 50 at 2). Hall states she "suffered embarrassment and stress related to the credit denial." Based on that, and the fact that AmeriNat willfully failed to correct the information in her credit file, Hall seeks $5,000 in actual damages and $5,000 in punitive damages. Hall also seeks $5,225 in attorneys' fees and legal costs of $40. These amounts are similar to awards entered in analogous cases. *See, e.g.*, *Kajbos v. Maximum Recover Sols., Inc.*, No. CV09-1206-PHX-MHM, 2010 WL 2035788, at *5 (D. Ariz. May 20, 2010) (default judgment awarding $5,000 in actual damages and $3,907 in attorneys' fees for violation of Fair Debt Collection Practices Act); *Perkons v. Am. Acceptance*, LLC, No. CV-10-8021-PCT-PGR, 2010 WL 4922916, at *4 (D. Ariz. Nov. 29, 2010) (default judgment awarding $5,000 in actual damages and $7,388 in attorneys' fees for violation of Fair Debt Collections Practices Act). Hall will be awarded the full amount of monetary damages she seeks.[1]

---

[1] An award of actual damages is allowed based on a negligent violation of the FCRA. 15 U.S.C. § 1681o. To receive punitive damages, the violation must have been willful. 15

Beyond the monetary damages, Hall's motion for default judgment requests AmeriNat be ordered "to correct its reporting" regarding her credit history. (Doc. 48 at 7). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Hall's complaint seeks monetary damages and a declaratory judgment but it does not seek any form of injunctive relief. As explained by the Ninth Circuit, "[t]here is a considerable difference between" an injunction that "order[s] a [defendant] to conduct his activities in a certain manner," and a declaratory judgment that "simply pronounc[es] that [the defendant's] conduct is unlawful and should be corrected." *Olagues v. Russoniello*, 770 F.2d 791, 803 (9th Cir. 1985). *See also Ulstein Mar., Ltd. v. United States*, 833 F.2d 1052, 1055 (1st Cir. 1987) ("Injunctions and declaratory judgments are different remedies. An injunction is a coercive order by a court directing a party to do or refrain from doing something, and applies to future actions. A declaratory judgment states the existing legal rights in a controversy, but does not, in itself, coerce any party or enjoin any future action."). Because the complaint did not seek an injunction, the default judgment cannot order AmeriNat to take action.[2]

… …

… …

Accordingly,

**IT IS ORDERED** the Motion for Default (Doc. 48) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment against Defendant AmeriNational Community Services, LLC, in the amount of $15,265 inclusive

---

U.S.C. § 1681n(a). *See also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). Hall alleges AmeriNat was informed six times of incorrect information but took no corrective action. Such repeated noncompliance with statutory duties establishes AmeriNat acted willfully. *See id.* (punitive damages can be awarded based on "reckless disregard of statutory duty").

[2] Neither Hall's motion for default judgment proposed nor her proposed default judgment includes any argument or proposed language regarding the appropriate form of declaratory relief. Therefore, Hall has waived any right to such relief.

of attorneys' fees and costs.  The Clerk of Court shall close this case.

Dated this 16th day of August, 2018.

_____
Honorable Roslyn O. Silver
Senior United States District Judge